FILED

OCT 01 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 20CR 707 |
| ) | |
| vs. ) | Violation: 18 U.S.C. § 1343 |
| ) | |
| ) | **Under Seal** |
| GIULIO PALMA ) | |
| | JUDGE GETTLEMAN |
| | MAGISTRATE JUDGE WEISMAN |

## COUNT ONE

The SPECIAL JANUARY 2020 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant GIULIO PALMA was a resident of the Northern District of Illinois with dual citizenship in the United States and Italy who purportedly engaged in the acquisition and development of real estate.

2. From in or about July 2015, and continuing to in or about August 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

GIULIO PALMA,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3. It was part of the scheme that defendant GIULIO PALMA caused investors, including Investors A, B, C, D, E, F and G, to invest over $5 million towards the purported purchase and development of real estate in Italy based upon false representations regarding the intended use of the funds, his compensation, his

personal investment in the properties, and the status of purported real estate transactions.

4. It was further part of the scheme that defendant GIULIO PALMA falsely represented to investors and caused others to falsely represent to investors that he intended to use their investment funds to purchase and develop real estate in Italy when, in fact, defendant intended to use a significant portion of their funds for other purposes, including for personal purposes such as paying for jewelry, family vacations, and his personal health care.

5. It was further part of the scheme that defendant GIULIO PALMA falsely represented to investors and caused others to falsely represent to investors that he would not receive any compensation for purchasing or developing the real estate until the transactions closed or until profits were generated by the sale or rental of the properties when, in fact, defendant used investors funds for his own personal purposes and expenses before any closings took place or profits were generated.

6. It was further part of the scheme that defendant GIULIO PALMA falsely represented to investors, including Investor A, that he had contributed specific amounts of his own funds towards the purchase and development of properties in Italy, including using his own money to pay off a corporate credit card when, in fact, defendant had not contributed such amounts.

7. It was further part of the scheme that defendant GIULIO PALMA provided false information to investors about the status of certain real estate

transactions in Italy, including amounts purportedly paid for certain properties and the status of such transactions.

8. It was further part of the scheme that defendant GIULIO PALMA opened accounts at Chase Bank in the name of Ko-Ro Investments, LLC, which was a Illinois corporation created by Investor A, for the purpose of depositing investments from investors and deposited investments into those accounts, including investments from Investors A, B, C, D, E, F, and G.

9. It was further part of the scheme that defendant GIULIO PALMA converted investor funds to his personal purposes by, among other means, transferring investor funds to his personal banking account, using investor funds to pay off personal charges on credit cards opened in the name of Ko-Ro Investments, and withdrawing cash from the Ko-Ro Investments accounts.

10. It was further part of the scheme that defendant GIULIO PALMA made false representations to an accountant who prepared financial statements for Ko-Ro Investments and other related entities, including false statements about the use of funds transferred to his personal accounts, in order to conceal his misuse of investor funds.

11. It was further part of the scheme that defendant GIULIO PALMA concealed, misrepresented and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

12. On or about January 31, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

GIULIO PALMA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds from an account at North Community Bank to an account at Chase Bank through the Fedwire Funds Service in the amount of approximately $80,000 representing an investment by Investor G;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 11 of Count One are incorporated here.

2. On or about January 29, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

GIULIO PALMA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds from an account at North Community Bank to an account at Chase Bank through the Fedwire Funds Service in the amount of approximately $1,000,000 representing an investment by Investor G;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 11 of Count One are incorporated here.

2. On or about January 18, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

GIULIO PALMA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds from an account at Wells Fargo Bank to an account at Chase Bank through the Fedwire Funds Service in the amount of approximately $200,000 representing an investment by Investors E and F;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 11 of Count One are incorporated here.

2. On or about December 7, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

GIULIO PALMA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds from an account at Wells Fargo Bank to an account at Chase Bank through the Fedwire Funds Service in the amount of approximately $150,000 representing an investment by Investor D;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 11 of Count One are incorporated here.

2. On or about May 27, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

GIULIO PALMA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate transfer of funds from an account at Wells Fargo Bank to an account at Chase Bank through the Fedwire Funds Service in the amount of approximately $425,000 representing an investment by Investors E and F;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 11 of Count One are incorporated here.

2. On or about April 29, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

GIULIO PALMA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, information related to Chase Bank's processing of a check in the amount of $140,000 drawn on an account at First Republic Bank representing an investment by Investors A and B;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 11 of Count One are incorporated here.

2. On or about December 14, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

GIULIO PALMA,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, information related to Chase Bank's processing a check in the amount of $25,000 drawn on an account at First Republic Bank representing an investment by Investor C;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2020 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $6,077,238.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY